UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIS-KNIGHTON MEDICAL CENTER and FINISH 3132 COALITION, L.L.C.,<br>    Plaintiffs | CIVIL ACTION NO. 5:13-CV-00928 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RAY LAHOOD, SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION, SHERRI H. LeBAS, SECRETARY OF THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, NORTHWEST LOUISIANA COUNCIL OF GOVERNMENTS,<br>    Defendants | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed by Anthony Foxx, in his official capacity as Secretary of the United States Department of Transportation (hereafter referred to as "USDOT") (Record Document 25). Foxx filed a Motion to Dismiss all claims brought by Willis-Knighton Medical Center and the Finish 3132 Coalition, L.L.C. (hereafter collectively referred to as the "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(1). After review, the Court finds that it lacks subject matter jurisdiction at this time under Federal Rule of Civil Procedure 12(b)(1). Therefore, the Plaintiffs' case against the USDOT is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

The instant matter arises out of a proposed transportation project in south Shreveport.[1] The project, which would extend the Inner Loop via Louisiana Highway 3132,

---

[1]The Court has adopted the same background section for all of the rulings on the multiple motions filed by various parties in the instant matter.

from its current endpoint at Flournoy Lucas Road to the Port of Shreveport-Bossier, approximately five (5) miles to the south. The plan to construct a loop around Shreveport / Bossier City has a long history. It originated with the "Inner Loop Report" issued in 1969. Record Document 1 at ¶ 5. The extension of the Inner Loop / La. 3132 was again considered through a more detailed study conducted by the City of Shreveport, though its Department of Public Works, NLCOG and their consultant, Howard Needles Tammen & Bergendoff ("HNTB"), in 1991-1992. Id. That study considered eleven (11) route options and designated a "Preferred Route" to the Port. Id. This action was not part of the staged highway project delivery process as described below.

In 1996, the City took further action to make the Inner Loop extension project a reality. Record Document at ¶ 6. First, it sponsored a bond issue in the amount of $3,500,000.00 to finance its share of the costs of constructing the extension of the Inner Loop from its intersection with Bert Koons Industrial Freeway (hereafter referred to as "Bert Koons") to the Port. Id. Voters overwhelmingly approved the 1996 bond issue for the extension of the Inner Loop. Id. A segment of the proposed extension, extending La. 3132 from its previous endpoint on the west side of Bert Koons, east, crossing Bert Koons and ending on the west side of Flournoy Lucas Road, was completed in 2007. Id. The City also purchased 21.936 acres of land located directly across from Flournoy Lucas Road from its intersection with La. 3132 in anticipation of the highway construction. Id. In September 2009, NLCOG, in its "Long Range Transportation Plan Update (2009-2030)," endorsed and supported the completion of the proposed extension and characterized it as a "high priority" project. Record Document 1 at ¶ 7.

In the fall of 2011, LDOTD and NLCOG, with the approval of Federal Highway

Administration (hereafter referred to as "FHWA"), began the required planning process to extend the road. Record Document at ¶ 12. All federal highway projects in Louisiana go through a project delivery process, which is broken into the following stages: Stage 0 – feasibility study; Stage 1 – detailed planning and environmental analysis; Stage 2 – funding allocation for design and construction; Stage 3 – development of final plans and specifications; Stage 4 – bid letting process; Stage 5 – construction of project; and Stage 6 – ongoing monitoring of operation and maintenance. See Record Document 12.

In the fall of 2011, Buchart-Horn, Inc. was hired by the LDOTD and NLCOG to conduct the Stage 0 study to consider and recommend feasible and alternative routes for the extension of La. 3132 from its current endpoint at Flournoy Lucas Road. The Stage 0 study began shortly thereafter. During the initial portion of the Stage 0 process, Plaintiffs brought a substantially similar suit against these Defendants, and real estate developer Tim Larkin, as well as two of his development limited liability companies, Larkin Development North, LLC and Larkin Development at Railsback, LLC, which owned or acquired land directly across from the current endpoint of 3132. That lawsuit was dismissed without prejudice by Judge Donald E. Walter on November 16, 2012 on the basis that the Federal Aid Highway Act and the Administrative Procedures Act did not provide a private cause of action, and the Plaintiffs did not allege that Defendant LaHood's actions violated federal law. No appeal was ever filed.

Plaintiffs filed the instant case against these Defendants, which did not include Larkin or his LLCs, on May 6, 2013. At that time, the La. 3132 project remained in Stage 0. As of the time of this judgment, Stage 0 had been completed, but it appears that Stage 1 of the project had not commenced, except for a LDOTD and NLCOG contract with an

engineering design firm, Burk-Kleinpeter, Inc.

## LEGAL STANDARD AND ANALYSIS

**I. Legal Standard**

Federal district courts, as created by statute, are Courts of limited jurisdiction. Accordingly, federal district courts have no jurisdictional basis to hear a case in the absence of a statute conferring jurisdiction over the plaintiff's claims. Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).

The party claiming federal subject matter jurisdiction has the burden of proving it exists." Peoples Nat. Bank v. Office of Comptroller of Currency of U.S., 362 F.3d 333, 336 (5th Cir. 2004) (internal citations omitted). The 12(b)(1) motion should only be granted if it seems certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Ramming, 281 F.3d at 161, *citing* Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).

**II. Analysis**

In the instant matter, the Complaint alleges that this matter was brought pursuant to 28 USC § 1331 (federal question jurisdiction) under the following United States statutes: (1) 5 U.S.C. § 702; 23 U.S.C. §§ 101, et seq.; (2) 28 U.S.C. §§ 1331 & 2201; (3) Title 23

4

of the Code of Federal Regulations (hereafter referred to as "C.F.R."), including, particularly 23 [C.F.R.] § 771.111, and (4) the regulations issues by the Council on Environmental Quality (40 [C.F.R. § 1506.1). Record Document 1 at p.3.

To determine if the Court has subject matter jurisdiction in the instant case, it will review each of these statutes to determine if any of the statutes listed provide subject matter jurisdiction to United States District Courts.

### A. 5 U.S.C. § 702 – Administrative Procedures Act

The first statute listed by Plaintiffs in the Complaint under which this action was brought is 5 U.S.C. § 702. This statute grants "a person suffering a legal wrong because of agency action" the authority to sue the United States under the Administrative Procedure Act (hereafter referred to as the "APA"). The APA grants federal district courts authority to review **final** decisions of federal government agencies. 5 U.S.C.A. § 704. This statute applies only to suits brought against federal agencies. 5 U.S.C.A. § 701. The Fifth Circuit has previously held "the APA is 'a route though which private plaintiffs can obtain federal court review of the decisions of federal agencies.'" Ware v. United States Federal Highway Administration, et. al., 2005 WL 2416667 at *4 (S.D. Tex. 2005), (*quoting* Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev., 980 F.2d 1043, 1055 (5th Cir. 1993)).

While the APA allows Plaintiffs to seek federal court review of the decisions made by federal agencies, review of agency decisions is only permitted following a "final" decision. *See* 5 U.S.C.A. § 704; *see also* Resident Council of Allen Parkway Village at 1055. Therefore, 5 U.S.C. § 702 fails to provide this Court with the jurisdictional authority

necessary to hear this matter at this stage.

### B. 23 U.S.C. §§ 101 et seq. – Federal Aid Highway Act

The Plaintiffs next request the Court review the instant matter under the Federal Aid Highway Act ("FAHA"). The Fifth Circuit has previously determined that FAHA does not provide a plaintiff with a private cause of action. *See* Allandale Neighborhood Ass'n v. Austin Transp. Study Policy Advisory Committee, 840 F.2d 258 (5th Cir. 1988).

Because the FAHA fails to provide a private cause of action, 23 U.S.C. §§ 101 et seq. fails to provide this Court with the jurisdictional authority necessary to hear this matter.

### C. Title 23 of the Code of Federal Regulations

Plaintiffs next request the Court review the instant matter under Title 23 of the C.F.R., specifically Section 771.111. 23 C.F.R. § 771.111, entitled "Early coordination, public involvement and project development," does not provide a statutory grant of subject matter jurisdiction. Title 23 of the C.F.R., generally, also does not confer subject matter jurisdiction for federal courts.

### D. 40 C.F.R. § 1506.1

Finally, Plaintiffs stated that this action was brought under "the regulations issued by the Council on Environmental Quality (40 C.F.R. §1506.1)." These regulations fail to provide the Court with subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, the Court finds that neither the APA, FAHA, Title 23 of the Code of Federal Regulations, nor 40 Code of Federal Regulations § 1506.1 provide this Court with subject matter jurisdiction prior to a Stage 0 determination. The Rule 12(b)(1)

Motion to Dismiss is, therefore, **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** and Plaintiffs are free to reurge their complaint following a final federal agency action. Essentially, Plaintiffs claims are premature.

An judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 30th day of July, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

Case 5:13-cv-00928-SMH-MLH Document 40 Filed 07/30/14 Page 8 of 8 PageID #: 512